<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| CLAUDE TOWNSEND, | : | Civil No. 09-3303 (GEB) |
| Plaintiff, | : : : | **MEMORANDUM OPINION** |
| v. | : : |  |
| The Hon. PETER J. CALDERONE, and The Hon. WILLIAM LAKE, in their official capacities as members of Labor and Workforce Development Workers' Compensation, | : : : : : |  |
| Defendants. | : : |  |

<u>**BROWN, Chief Judge**</u>

This matter comes before the Court upon the Motion to Dismiss (Doc. No. 30) of the defendants the Honorable Peter J. Calderone and the Honorable William Lake ("Defendants").[1] The Court has reviewed the parties' submissions and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, the Court will grant Defendants' Motion to Dismiss.

---

[1] New Jersey Transit and the New Jersey State Division of Trenton Workers' Compensation, while named as defendants in Plaintiff's Complaint, were not named in Plaintiff's Amended Complaint. Therefore, the Court concludes that they should be dismissed from this action.

1

**I.     BACKGROUND**

Plaintiff filed the instant action July 7, 2009, (Doc. No. 1) and filed an Amended Complaint on January 11, 2010, seeking relief pursuant to The Americans with Disabilities Act, the Universal Declaration of Human Rights, the Convention on the Rights of Persons with Disabilities, and 42 U.S.C. § 1983 for violations of the First, Fifth, Ninth, and Fourteenth Amendments (Amended Compl. ¶ I, II; Doc. No. 26).  Plaintiff states that he is entitled to relief as the result of Defendants' actions during a currently-pending and contested matter in the state Worker's Compensation Court.  (Id. at ¶ 1; Defs.' Br. at 1; Doc. No. 30-4.)  Plaintiff states that on January 29, 2008, he experienced a "work-related accident" as an employee at New Jersey Transit, and accordingly sought relief.  (Id. at ¶¶ 4, 5, 7.)  Plaintiff detailed in his Amended Complaints various interactions with the Workers' Compensation Court, which he alleges occurred from approximately October 24, 2008, until January 7, 2010.  (Id. at ¶ 6-42.) Specifically, he asserted that several unwarranted delays of his hearings were approved by Defendant the Honorable William M. Lake, J.W.C., the judge assigned to Plaintiff's matter, and Defendant the Honorable Peter J. Calderone, J.W.C., the Chief Judge of the Workers' Compensation Court.  (Id. at ¶¶ 2, 3.)  Plaintiff alleges that his hearings have been cancelled or postponed on numerous occasions "because Plaintiff became Pro-se." (Id. at ¶ 44.)

Defendants argue that the Amended Complaint should be dismissed: (1) pursuant to the Younger abstention doctrine; (2) pursuant to the Eleventh Amendment; (3) pursuant to the theory of absolute judicial immunity; and (4) for various other failures to state a claim.  (Defs.' Br. at 8-30; Doc. No. 30-4.)  Plaintiff did not file formal opposition to the motion, but rather, he filed a motion for emergent relief, a motion to hold non-party John F. Trainor, Inc., in contempt, and a

motion to move to trial, all of which were denied. The Court's consideration of the instant motion follows.

## II.     DISCUSSION

### A.     Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that the plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint will survive a motion to dismiss if it contains sufficient factual matter to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 570). The plausibility standard requires that "the plaintiff plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and demands "more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 556). Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions," and "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (citing Twombly, 550 U.S. at 555); see also Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). In evaluating a motion to dismiss, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon those documents. See Pension Benefit

Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

In the present case, Plaintiff appears pro se. As such, the Court must apply a more liberal standard of review to Plaintiff's claims. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also United States ex. rel Montgomery v. Brierley, 414 F.2d 552 (3d Cir. 1969) (stating that pro se petitions should be liberally construed); Wade v. Yeager, 377 F.2d 841, 846 (3d Cir. 1967) (recognizing that a petition made without the benefit of counsel must be read with a measure of tolerance).

### B.     Analysis

Plaintiff's claims are barred by Younger v. Harris, 401 U.S. 37 (1971), which prohibits unwarranted federal interference in ongoing state judicial proceedings. Federal Courts should abstain from hearing a case under the Younger Abstention doctrine when: "(1) [there are] pending or ongoing state proceedings which are judicial in nature; (2) the state proceedings [] implicate important state interests; and (3) the state proceedings [] afford an adequate opportunity to raise any constitutional issues." O'Neill v. City of Philadelphia, 32 F.3d 785, 789 (3d Cir. Pa. 1994)(citing Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)).

Here, Plaintiff's underlying factual assertions involve proceedings that are pending before the Workers' Compensation Court, which is a proceeding that is judicial in nature. In addition, the state has an important interest in its workers' compensation system, and an appellate process is in place within the state to address and preserve Plaintiff's future or pending constitutional claims or rights. For this reason, the Court will grant Defendants' Motion to Dismiss pursuant to

Younger.

### III. CONCLUSION

For the foregoing reasons, the Court will grant Defendants' Motion to Dismiss. An appropriate form of order accompanies this memorandum opinion.

Dated: May 18, 2010

   s/ Garrett E. Brown, Jr.   
GARRETT E. BROWN, JR., U.S.D.J.
